Mehar SINGH, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 04–6571–ag.

United States Court of Appeals,
Second Circuit.

March 12, 2007.

Michael P. DiRaimondo, Melville, New York, for Petitioner.

Richard B. Roper, United States Attorney; Donna K. Webb, Assistant United States Attorney, Fort Worth, Texas, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mehar Singh, a native and citizen of India and a Sikh, seeks review of a December 13, 2004 order of the BIA denying Singh's motion to reopen. *In re Mehar Singh,* No. A 73 085 312 (B.I.A. Dec. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where

the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ Here, the BIA did not abuse its discretion in denying Singh's motion to reopen proceedings based on his failure to abide by the time limitations for such motions. The BIA appropriately noted that it issued the final order of removal in these proceedings on June 28, 2004, and that Singh was required to file his motion to reopen within ninety days of that order, that is, on or before September 27, 2004. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2). However, Singh did not file his motion until October 6, 2004. As such, Singh's motion to reopen was untimely.

■ Additionally, the BIA properly found that Singh failed to establish "changed circumstances" in India to excuse the untimely filing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Singh failed to submit any evidence that country conditions had changed in India; rather, he relied merely on his assertion that the Congress Party had returned to power, and recounted past incidents in which Sikhs were killed by Indian authorities. Even construing Singh's pro se motion liberally and assuming that a change in government in India had been established, Singh failed to allege the manner in which the change was material to his claim. Such explanation was necessary given the BIA's underlying determination that country conditions had improved sufficiently in India for Sikhs to the extent that Singh no longer had a well-founded fear of persecution.

■ Moreover, Singh's argument that his due process rights were violated when he did not receive a new hearing, is unavailing. Singh's continued failure to explain how the alleged changes in country conditions in India were material to his claim in his brief to this Court indicates that he incurred no prejudice by the lack of an opportunity to receive a new hearing. *See Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994) (noting that, in order to show that an action impinged upon the fundamental fairness of his proceedings, he must show that he was prejudiced by that action). Therefore, the BIA properly denied Singh's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).